IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| FACTORY 2-U STORES, INC., a/k/a | ) | Case No. 04-10111 (PJW) |
| FACTORY 2-U, f/a/k/a GENERAL | ) | |
| TEXTILES, INC., f/a/k/a GENERAL | ) | |
| TEXTILES, f/a/k/a FAMILY BARGAIN | ) | |
| CORPORATION, f/a/k/a FAMILY | ) | **Ref. No. 1690** |
| BARGAIN CENTER, | ) | |
| | ) | |
| Debtor. | ) | |

**ORDER (I) CONVERTING CASE TO CHAPTER 7; (II) REAFFIRMING
TERMS AND CONDITIONS OF SALE ORDER DATED SEPTEMBER 2, 2004;
(III) EMPOWERING THE CHAPTER 7 TRUSTEE TO COMPLY WITH
THE PROVISIONS OF THE SALE DOCUMENTS; (IV) SETTING BAR DATE
FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS AND ESTABLISHING
A HEARING DATE THEREON; (V) PERMITTING THE RETENTION OF
RESERVE FUNDS BY CIT PURSUANT TO PAYOFF LETTER DATED
NOVEMBER 16, 2004; AND (VI) GRANTING RELATED RELIEF**

This matter having come before the court on the motion (the "Motion"; terms not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion) filed by Factory 2-U Stores, Inc., the debtor and debtor in possession herein (the "Debtor"), requesting the entry of an order pursuant to sections 105, 331, 341 and 1112 of the Bankruptcy Code and Rules 1017, 1019, 2002, 2003 and 9014 of the Bankruptcy Rules: (I) converting the Debtor's case to a case under Chapter 7 of the Bankruptcy Code; (II) reaffirming the terms and conditions of the Sale Order; (III) empowering the Chapter 7 Trustee to comply with and implement the provisions of the Sale Documents; (IV) setting a date which is no more than thirty (30) days after the date of entry of an order approving the Motion, as the date by which Chapter 11 professionals must file final fee applications seeking payment from the Carve-Out Reserve Funds and releasing CIT, GB, and any other Postpetition Lenders from any further obligations or liability with respect to the Carve Out Expenses, in accordance with the DIP Order

and the Interim Compensation Order, and setting a date for a hearing on such final fee applications; (V) permitting CIT to retain the Reserve Funds pursuant to the Payoff Letter; and (VI) granting related relief; and the Texas Ad Valorem Tax Authorities having filed a limited objection to the Motion, which appears at Docket No. 1721 (the "Texas Objection"); and the Texas Objection having been resolved pursuant to the agreement of the Debtor and the Texas Ad Valorem Tax Authorities by including Paragraph 6 hereof; and all interested parties having been afforded an opportunity to be heard with respect to the Motion; and the Court having reviewed and considered (a) the Motion; and (b) the objections thereto, if any; and it appearing that the relief requested in the Motion, as modified hereby, is warranted and in the best interests of the Debtor's estate, creditors, and other parties in interest, and this case; and the Debtor having a right to convert this case under the Bankruptcy Code; and after due deliberation thereon; and good cause appearing therefore, it is hereby

FOUND AND DETERMINED AS FOLLOWS:[1]

A.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M). Venue of this case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     Pursuant to the Sale Order, the Debtor was authorized, among other things, to sell substantially all of its assets to the Agent and to enter into an Agency Agreement with the Agent.

C.     The Sale Order is by its terms binding on the Debtor and the Debtor's estate, including, following any conversion of this case, any successor Chapter 7 estate and any Chapter 7 trustees appointed in this case.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed.R.Bankr.P. 7052.

D.  Pursuant to the DIP Order, a carve-out was established from the Postpetition Lenders' collateral for payment of the Carve-Out Expenses equal up to an aggregate amount of $750,000 in fees and expenses incurred by chapter 11 professionals in this case, United States Trustee fees, and fees payable to the Clerk of the Court.

E.  The entry of this Order at this time, and the granting of the relief herein, is necessary to ensure that the transactions contemplated by the Sale Documents are consummated and that the maximum value is realized from the assets of the Debtor's estate. The entry of this Order is in the best interests of the Debtor, its creditors, its estate and other parties in interest.

F.  The Debtor has sold substantially all of its assets, has terminated any remaining business operations, and there is no reasonable likelihood of its rehabilitation.

G.  The Debtor has demonstrated sufficient cause for converting this case to a case under chapter 7 of the Bankruptcy Code and for the related relief set forth herein.

NOW THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, EFFECTIVE IMMEDIATELY, THAT:

1.  The Motion, as modified or limited hereby, is hereby granted to the extent specifically set forth herein. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

2.  The Debtor's case is hereby converted to a case under chapter 7 of the Bankruptcy Code.

3.  Notwithstanding the conversion of the Debtor's case to chapter 7, the terms and provisions of the Sale Order, including, but not limited to the approval of the Agency Agreement, shall remain in full force and effect and shall be binding in all respects upon, and

shall inure to the benefit of, the Debtor, its estate, its creditors, the Agent, and their respective affiliates, successors and assigns of each such party (including without limitation the Chapter 7 Trustee).

4. Within fifteen (15) business days of the entry of this Order, CIT, as agent under the Second Amended and Restated Financing Agreement dated as of January 12, 2004, shall deliver to the Chapter 7 Trustee the Carve-Out Reserve Funds, which shall be used solely to pay Professional Fees allowed by final order of the Court (the "Allowed Professional Fees"). Effective immediately upon the Chapter 7 Trustee's receipt of the Carve-Out Reserve Funds, CIT, GB, any other Postpetition Lender, and each of their participants, agents, officers, directors, employees, attorneys, professionals, successors, and assigns, shall be forever released and discharged from any claims, causes of action, liability, or obligation relating to, based upon, or arising from the Carve-Out Expenses or the Carve-Out Reserve Funds.

5. The Chapter 11 professionals retained in this chapter 11 case shall file final applications for compensation (including, without limitation, fees and expenses which are not the subject of any previous application, and any "holdback" retained in accordance with the Interim Compensation Order), which final applications shall be filed with this Court and served in accordance with the notification and service procedures set forth in the Interim Compensation Order for service of interim compensation applications, on or before 4:00 p.m. on March 1, 2005, or be forever barred from receiving any such compensation. A hearing on such timely filed final applications shall be held before this Court at 4:00 p.m. on April 4, 2005. The payment of all Allowed Professional Fees shall be made by the Chapter 7 Trustee from the Carve-Out Reserve Funds pursuant to the terms of the DIP Order. To the extent the aggregate Allowed Professional Fees remain unpaid after application of the Carve-

Out Reserve Funds, such Allowed Professional Fees shall be deemed to be allowed Chapter 11 administrative claims in this case.

6. Nothing contained herein shall modify the terms of this Court's order appearing at Docket No. 205 and dated February 11, 2004 (the "February 11 Order"), which requires the Debtor to segregate Proceeds (as that term is defined in the February 11 Order) in the sum of $345,000 (the "Texas Tax Reserve") pending the determination of the claims of the Objecting Tax Authorities (as that term is defined in the February 11 Order). Within fifteen (15) business days of the entry of this Order, CIT, as agent under the Second Amended and Restated Financing Agreement dated as of January 12, 2004, shall deliver to the Chapter 7 Trustee, from funds held by CIT as a reserve for such obligations, an amount equal to the Texas Tax Reserve (the "Texas Tax Reserve Funds"), which shall be used solely to pay the claims of the Objecting Tax Authorities allowed by final order of the Court (the "Allowed Texas Taxes"). Effective immediately upon the Chapter 7 Trustee's receipt of the Texas Tax Reserve Funds, CIT, GB, any other Postpetition Lender, and each of their participants, agents, officers, directors, employees, attorneys, professionals, successors, and assigns, shall be forever released and discharged from any claims, causes of action, liability, or obligation relating to, based upon, or arising from any claim by or on behalf of the Objecting Tax Authorities.

7. Pursuant to Federal Rule of Bankruptcy Procedure 1019, no later than fifteen (15) days after entry of this Order, the Debtor shall file a Final Report and Schedule of Unpaid Postpetition Debts.

Dated: Wilmington, Delaware
Jan. 26, 2004

PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE